SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------x   Index No.:
BRIGITTE CASEY,

                                            Plaintiff(s),       **SUMMONS**

    -against-

CVS ALBANY, L.L.C. and CVS PHARMACY, INC.,

                                            Defendant(s).
--------------------------------------------------------------------x

       The place of trial is designated in the caption of this matter.  The basis of venue is:
                           The County where the Plaintiff Resides

To the above named Defendant(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated: Woodbury, New York
           February 23, 2022

                                         Yours, etc.,

                                         _____
                                         John Zervopoulos
                                         **SALENGER, SACK, KIMMEL &**
                                         **BAVARO, LLP**
                                         Attorneys for Plaintiffs
                                         180 Froehlich Farm Boulevard
                                         Woodbury, New York 11797
                                         (516) 677-0100

**To**:

      **CVS ALBANY, L.L.C.**
      <u>Serve via</u> Secretary of State

      **CVS PHARMACY, INC.**
      <u>Serve via</u> Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------x Index No.:
BRIGITTE CASEY,

                                                    Plaintiff(s),        **VERIFIED COMPLAINT**

   -against-

CVS ALBANY, L.L.C. and CVS PHARMACY, INC.

                                                    Defendant(s).
-----------------------------------------------------------------------x

        Plaintiff, by her attorneys SALENGER, SACK, KIMMEL and BAVARO, LLP, complaining of the defendant(s), alleges as follows:

        1.     At all times hereinafter mentioned, plaintiff(s) are residents of the County of Suffolk, State of New York.

        2.     That at all times hereinafter mentioned, defendant CVS ALBANY, L.L.C. (hereinafter "ALBANY") is a domestic limited liability company duly organized under and existing by virtue of the laws of the State of New York.

        3.     That at all times hereinafter mentioned, defendant CVS PHARMACY, INC. (hereinafter "PHARMACY") is a foreign business corporation duly organized under and existing by virtue of the laws of the State of New York.

        4.     That at all times hereinafter mentioned, defendant PHARMACY is a foreign business corporation duly organized under and existing by virtue of the laws of the State of Rhode Island.

        5.     That at all times hereinafter mentioned, defendant PHARMACY is a foreign business corporation duly authorized to do business in the State of New York.

6. Upon information and belief, on November 23, 2020, defendant ALBANY was an owner of a premises commonly known as 15 West Main Street, East Islip, County of Suffolk and State of New York, hereinafter "premises."

7. Upon information and belief, on November 23, 2020, defendant ALBANY was a lessor of the aforesaid premises.

8. Upon information and belief, on November 23, 2020, defendant ALBANY was a lessee of the aforesaid premises.

9. Upon information and belief, on November 23, 2020, defendant ALBANY was a tenant of the aforesaid premises.

10. Upon information and belief, on November 23, 2020, defendant ALBANY maintained a place of business at the aforesaid premises.

11. Upon information and belief, on November 23, 2020, defendant ALBANY, was a managing agent of the aforesaid premises.

12. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees operated the aforesaid premises.

13. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees operated a pharmacy and retail goods store at the aforesaid premises.

14. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees operated a business at the aforesaid premises in which they encouraged the public to enter aforesaid premises for profit.

15. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees maintained the aforesaid premises.

16. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees controlled the aforesaid premises.

17. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees managed the aforesaid premises.

18. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees supervised the aforesaid premises.

19. At all times hereinafter mentioned, defendant ALBANY obtained a special use and benefit from the aforesaid premises.

20. Prior to November 23, 2020, defendant ALBANY, its agents, servants and/or employees received notice of the defective and/or improper and/or unsafe premises.

21. That it was the duty of the defendant ALBANY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

22. That it was the duty of the defendant ALBANY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for the plaintiff.

23. That at all times hereinafter mentioned, on November 23, 2020, the aforesaid premises had a product display at the end of an aisle, hereinafter, "display".

24. Upon information and belief, on November 23, 2020, defendant ALBANY, was an owner of the aforesaid display.

25. Upon information and belief, on November 23, 2020, defendant ALBANY, was a lessee of the aforesaid display.

26. Upon information and belief, on November 23, 2020, defendant ALBANY, was a lessor of the aforesaid display.

27. At all times hereinafter mentioned, defendant ALBANY its agents, servants and/or employees, constructed the aforesaid display.

28. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees maintained the aforesaid display.

29. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees controlled the aforesaid display.

30. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees managed the aforesaid display.

31. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees supervised the aforesaid display.

32. That at all times hereinafter mentioned, defendant ALBANY, its agents, servants and/or employees constructed, arranged and/or operated the aforesaid display to draw the public towards the aforesaid display for profit.

33. At all times hereinafter mentioned, defendant ALBANY, obtained a special use and benefit from the aforesaid display.

34. That it was the duty of the defendant ALBANY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to maintain the aforesaid display in a reasonably safe condition.

35. That it was the duty of the defendant ALBANY, jointly and/or severally with their agents, servants and/or employee, to exercise reasonable care to keep the store aisles at said premises free from encumbrance and free from tripping hazards.

36. Upon information and belief, on November 23, 2020, defendant PHARMACY was an owner of a premises commonly known as 15 West Main Street, East Islip, County of Suffolk and State of New York, hereinafter "premises."

37. Upon information and belief, on November 23, 2020, defendant PHARMACY was a lessor of the aforesaid premises.

38. Upon information and belief, on November 23, 2020, defendant PHARMACY was a lessee of the aforesaid premises.

39. Upon information and belief, on November 23, 2020, defendant PHARMACY was a tenant of the aforesaid premises.

40. Upon information and belief, on November 23, 2020, defendant PHARMACY maintained a place of business at the aforesaid premises.

41. Upon information and belief, on November 23, 2020, defendant PHARMACY, was a managing agent of the aforesaid premises.

42. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees operated the aforesaid premises.

43. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees operated a pharmacy and retail goods store at the aforesaid premises.

44. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees operated a business at the aforesaid premises in which they encouraged the public to enter aforesaid premises for profit.

45. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees maintained the aforesaid premises.

46. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees controlled the aforesaid premises.

47. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees managed the aforesaid premises.

48. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees supervised the aforesaid premises.

49. At all times hereinafter mentioned, defendant PHARMACY obtained a special use and benefit from the aforesaid premises.

50. Prior to November 23, 2020, defendant PHARMACY, its agents, servants and/or employees received notice of the defective and/or improper and/or unsafe premises.

51. That it was the duty of the defendant PHARMACY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

52. That it was the duty of the defendant PHARMACY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for the plaintiff.

53. That at all times hereinafter mentioned, on November 23, 2020, the aforesaid premises had a product display at the end of an aisle, hereinafter, "display".

54. Upon information and belief, on November 23, 2020, defendant PHARMACY, was an owner of the aforesaid display.

55. Upon information and belief, on November 23, 2020, defendant PHARMACY, was a lessee of the aforesaid display.

56. Upon information and belief, on November 23, 2020, defendant PHARMACY, was a lessor of the aforesaid display.

57. At all times hereinafter mentioned, defendant PHARMACY its agents, servants and/or employees, constructed the aforesaid display.

58. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees maintained the aforesaid display.

59. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees controlled the aforesaid display.

60. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees managed the aforesaid display.

61. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees supervised the aforesaid display.

62. That at all times hereinafter mentioned, defendant PHARMACY, its agents, servants and/or employees constructed, arranged and/or operated the aforesaid display to draw the public towards the aforesaid display for profit.

63. At all times hereinafter mentioned, defendant PHARMACY, obtained a special use and benefit from the aforesaid display.

64. That it was the duty of the defendant PHARMACY, jointly and/or severally with their agents, servants and/or employees, to exercise reasonable care to maintain the aforesaid display in a reasonably safe condition.

65. That it was the duty of the defendant PHARMACY, jointly and/or severally with their agents, servants and/or employee, to exercise reasonable care to keep the store aisles at said premises free from encumbrance and free from tripping hazards.

66. On or about the 23th day of November, 2020 at approximately 7:00 p.m., while plaintiff BRIGITTE CASEY was upon said premises, plaintiff was caused to trip and fall and be precipitated down to and upon the ground, sustaining serious injury as hereinafter alleged.

67. On or about the 23th day of November, 2020 at approximately 7:00 p.m., while plaintiff BRIGITTE CASEY was upon said premises, plaintiff was caused to trip on the aforesaid display and fall and be precipitated down to and upon the ground, sustaining serious injury as hereinafter alleged.

68. The occurrence hereinabove described was caused solely and wholly through the carelessness and negligence of the defendant, jointly and/or severally with their agents, servants and/or employees: in creating, permitting and/or allowing said areas to remain in a defective, hazardous, and/or dangerous condition; in negligently constructing, erecting, arranging, stocking, maintaining, controlling, managing the aforesaid display; in that defendant(s) caused, allowed, and permitted an obstruction to plaintiff's safe passage at said location; in creating, causing, allowing, and permitting the existence of a condition which constituted a tripping hazard, nuisance, menace and danger to persons lawfully on said premises; in failing to otherwise warn of the dangerous condition(s) existing thereat; in that defendant failed to give plaintiff adequate and timely signal, notice or warning of said condition; in failing to post warning signs and/or materials; in creating, permitting and/or allowing an optical illusion to exist at aforesaid premise and display; failed to provide warnings and/or adequate warnings of the aforesaid optical illusion and/or display; in failing to demarcate and/or properly demarcate aforesaid display and premises; in failing to differentiate aforesaid display from surrounding flooring; in failing to place warning tape, demarcation tape and/or markings; in failing to install, provide and/or maintain proper and/or sufficient lighting upon aforesaid premises; in creating, permitting and/or allowing an illusion of a

flat surface where a display exists thereby creating a hazard to pedestrians; in failing to provide safe means of egress and ingress of the aforesaid premises by pedestrians and/or patrons; in permitting and allowing an unsafe height differential between the display and the surrounding flooring; in failing in their duty to keep said areas in a reasonably safe condition; in improperly designing said premises and/or display; in allowing depressions and/or uneven segments to develop, remain and/or exist at said areas; in having an unmarked and/or undefined ledge; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in performing construction, repair, design, maintenance and/or inspection in a negligent and/or improper manner and in violation of applicable codes, regulations and laws; in failing to erect guards, fences or barriers or to otherwise warn of the dangerous condition(s) existing thereat;; in failing to take suitable and proper precautions for the safety of persons on and using said premises and aforesaid premises; in that the respondents failed to remedy a hazardous condition within a reasonable time; in launching a force or instrument of harm; in creating a hazardous condition; in failing to inspect and/or properly inspect; in employing incompetent help; in failing to properly hire, train and/or supervise its agents, servants and/or employees.

69. Upon information and belief, defendant had notice of said defect(s) and failed to cure same.

70. The defendant had actual and/or constructive notice of the aforesaid conditions and/or defects.

71. That at said place and time plaintiff BRIGITTE CASEY was lawfully in and about said premises.

72. Article 16 limitations on liability are not applicable herein.

73. That since the acts complained of herein occurred, plaintiff BRIGITTE CASEY sustained exceedingly severe and serious bodily injuries, has suffered and will continue to suffer physical pain and mental anguish, and upon information and belief, some of her injuries will be of a permanent nature, as a result of which she has been incapacitated in attending to her usual vocation and will continue to be incapacitated in the future; she has been obliged to and did obtain medical attention in an endeavor to cure herself of her hurts and wounds; she may be compelled to undergo future surgery, medical aid and attention in an endeavor to cure herself of her hurts and wounds; she has expended and incurred liability and has lost and will lose diverse sums of money thereby and plaintiff has been otherwise damaged, said damages in an amount that exceeds the jurisdictional limits of the lower courts.

WHEREFORE, the plaintiffs demands judgment against the defendants on behalf of plaintiff BRIGITTE CASEY in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the costs and disbursements of this action and for such other and further relief as to this court may seem just and proper.

Dated: Woodbury, New York
February 23, 2022

Yours, etc.

John Zervopoulos
SALENGER, SACK,
KIMMEL & BAVARO, LLP
Attorneys for Plaintiff
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 677-0100

## ATTORNEYS AFFIRMATION

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms the following under the penalties of perjury, that the affiant is a(n) member of

Salenger Sack Kimmel & Bavaro, LLP

attorney(s) of record for the plaintiff(s) in the within action; that the affiant has read the foregoing

## COMPLAINT

same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. Affiant further says that the reason this affirmation is made by affiant and not by the plaintiff(s), is that the plaintiff(s) are outside the County where our office is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Statements of the plaintiff(s), contents of file, books and records

Dated:     Woodbury, New York
           February 23, 2022

                                            _____
                                            JOHN ZERVOPOULOS, ESQ

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------------------------------x
BRIGETTE CASEY,

                                       Plaintiffs,

       -against-

CVS ALBANY, L.L.C. and CVS PHARMACY, INC.,


                                       Defendant.
------------------------------------------------------------------------------------------x

## SUMMONS AND VERIFIED COMPLAINT

**SALENGER, SACK, KIMMEL & BAVARO, LLP**
Attorneys for Plaintiff(s)
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 677-0100
(516) 677-0443 Fax